# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

**In Re**

LYNNE Y. HOWLETT,

            **Debtor.**

**Bankruptcy Case
No. 09-40019-JDP**

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

    James B. Green, GREEN & GREEN LAW FIRM, Pocatello, Idaho, for Debtor.

    Jim Spinner, SERVICE & SPINNER, Pocatello, Idaho, for Trustee R. Sam Hopkins.

### *Introduction*

This case presents an interesting twist on a debtor's homestead exemption claim. Chapter 7 debtor Lynne Y. Howlett ("Debtor") claims as her homestead, utilizing Oregon's statute, her 25% interest in her deceased

MEMORANDUM OF DECISION - 1

mother's estate trust, which owned a house in Seaside, Oregon (the "Seaside home").  R. Sam Hopkins, the chapter 7 trustee ("Trustee"), filed a Trustee's Objection to Amended Claim of Exemption, Docket No. 28, to which Debtor responded.  Docket No. 31.  Trustee also filed an Application to Employ Accountant, Docket No. 29, to which Debtor objected.  Docket No. 30.  Both matters came on for hearing on September 28, 2010.  Counsel submitted argument at the hearing and, with the Court's permission, filed supplemental briefing.  Docket Nos. 37, 39.

The Court has considered the record, the arguments of counsel, and the applicable law.  This Memorandum sets forth the Court's findings of fact and conclusions of law, and disposes of both contested matters.  Fed. R. Bankr. P. 7052; 9014.[1]

### *Findings of Fact*

During this decade, Debtor has changed her residence several times. From March 2003 to July 2007, Debtor resided in Salem Oregon; she then

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

MEMORANDUM OF DECISION - 2

lived in Texas from July 2007 to August 2008.  Response to Question No.
15, Statement of Financial Affairs, Docket No. 1.  Debtor then moved to
Pocatello, Idaho, where she was living at the time she filed her bankruptcy
petition on January 8, 2009.  *Id*.

On April 14, 2007, Debtor's mother passed away.  However, near the
end of her life, she engaged in some estate planning, including the creation
of a revocable trust on January 5, 2007.  Docket No. 35, pp. 12-14.  The trust
res consisted of the mother's Seaside, Oregon home, its furnishings, and
some financial accounts.  Debtor's mother conveyed the house to Janet
Fappas, the named trustee of the estate trust, who is Debtor's sister.  *Id*.
Pursuant to the terms of the trust, the Seaside home was to be sold
"promptly", and the proceeds used to satisfy outstanding encumbrances
on the home, and to pay Debtor's mother's debts while she lived.  *Id*.
Upon her death, the remaining proceeds were to be utilized to pay taxes,
funeral costs, and any other debts owed by Debtor's mother.  *Id*.   After all
other payments had been made, the remaining trust funds were to be
distributed according to the percentages detailed in the trust.  *Id*.  Debtor

MEMORANDUM OF DECISION - 3

was to receive 25% of the distribution from the trust. *Id*.

For whatever reason, the sale of the Seaside home did not occur quickly. After her mother's death and Debtor's bankruptcy filing, but prior to the sale of the Seaside home, Debtor was permitted to live in the Oregon home from February 18, 2009 until February 4, 2010. Docket No. 31-1. The Seaside home was sold on February 11, 2010. *Id*.

At some point, Trustee learned about Debtor's interest in the estate trust, and communicated with Ms. Fappas and her attorney to ensure that the distribution of any trust proceeds was made directly to Trustee. Debtor's 25% share of the trust proceeds was distributed to Trustee on March 17, 2010.

Then, on April 5, 2010, Debtor filed an amended schedule B, listing her 25% interest in the trust as personal property. Docket No. 26. On May 18, 2010, she amended her schedule C, claiming her trust interest exempt under the Oregon homestead statute. Docket No. 27. Debtor's share of the estate trust amounted to $42,238.65, of which Debtor claimed $40,000 exempt.

MEMORANDUM OF DECISION - 4

On June 1, 2010, Trustee objected to Debtor's amended claim of

exemption.  Docket No. 28.  Trustee has retained the funds at issue

pending the Court's determination of the exemption question.

### *Conclusions of Law and Disposition*

A.
Debtor's Homestead Exemption Claim[2]

1. The Oregon Homestead Exemption Statute.

Oregon requires debtors to elect the Oregon statutory scheme of

exemptions, rather than the federal one.  OR. REV. STAT. § 23.305; 11 U.S.C.

§ 522(b)(2).  The Oregon homestead statute in play in this case provides, in

pertinent part:

> (1) A homestead shall be exempt from sale on
> execution, from the lien of every judgment and
> from liability in any form *for the debts of the owner*
> to the amount in value of $30,000[3], except as

---

[2] Trustee does not challenge the propriety of Debtor's use of the Oregon statutes in claiming the homestead exemption.  Without deciding whether that is appropriate, the Court will assume for the purposes of resolving this contest that Oregon law does indeed apply.

[3] Effective June 26, 2009, the maximum amount which may be exempted under the Oregon homestead statute was amended from $30,000 to $40,000 for individuals, and the combined exemption amount was increased from $39,600 to

MEMORANDUM OF DECISION - 5

otherwise provided by law. The exemption shall be effective without the necessity of a claim thereof by the judgment debtor. When two or more members of a household are debtors whose interests in the homestead are subject to sale on execution, the lien of a judgment or liability in any form, their combined exemptions under this section shall not exceed $39,600. *The homestead must be the actual abode of and occupied by the owner, or the owner's spouse, parent or child*, but the exemption shall not be impaired by:

(a) Temporary removal or temporary absence with the intention to reoccupy the same as a homestead;

(b) Removal or absence from the property; or

(c) The sale of the property.

(2) The exemption shall extend to the proceeds derived from such sale to an amount not exceeding $30,000 or $39,600, whichever amount is applicable under subsection (1) of this section,

---

$50,000. However, Debtor's petition was filed prior to the effective date of those amendments, and therefore the Court will utilize the version of the statute in effect prior to the 2009 amendments. 11 U.S.C. § 522(b)(3) ("property that is exempt under Federal law . . . or State or local law *that is applicable on the date of the filing of the petition . . . .*") (emphasis supplied); *Ford v. Konnoff (In re Konnoff)*, 356 B.R. 201, 204 (9th Cir. BAP 2006) ("The facts of the case and the law, as they exist on the date of the filing of the petition, determine any exemptions claimed"); *In re Earnest*, 42 B.R. 395, 3 (Bankr. D. Or. 1984) ("The court must apply the law applicable as of the date the bankruptcy petition is filed . . . .")

MEMORANDUM OF DECISION - 6

> if the proceeds are held for a period not
> exceeding one year and held with the intention to
> procure another homestead therewith.
>
> (3) The exemption period under subsection (1)(b)
> and (c) of this section shall be one year from the
> removal, absence or sale, whichever occurs first.

ORS § 18.395 (emphasis supplied).

In interpreting an Oregon statute, "the court looks first to its text, in

context." *In re Wynn*, 369 B.R. 605, 608 (Bankr. D. Or. 2007) (citing *Premier*

*West Bank. v. GSA Wholesale, LLC*, 103 P.3d 1169, 1175 (Or. App. 2004)). A

plain reading of the statute makes it clear that Oregon's homestead laws

shield the homestead from creditors of the *owner* of the homestead. Thus,

in order for Debtor to take advantage of Oregon's homestead statute, she

must be the "owner" of the Seaside home.

    2. <u>Oregon Case Law Interpreting ORS § 18.395</u>.

In construing Oregon's homestead exemption, the courts have

viewed its purpose in this way:

> The object of the homestead exemption laws is
> well understood. This object is to assure to the
> unfortunate debtor, and his equally unfortunate
> but more helpless family, the shelter and

MEMORANDUM OF DECISION - 7

> influence of home; and, in its promotion, courts
> may well employ the most liberal and humane
> rights of interpretation.

*In re Casserino*, 282 B.R. 490, 491 (Bankr. D. Or. 2002), *aff'd*, 290 B.R. 735 (9th

Cir. BAP 2003), *aff'd*, 379 F.3d 1069 (9th Cir. 2004).  It makes sense, then, if

the Oregon legislature's goal is to keep a roof overhead, that the statute

would protect the homestead from only the owner's creditors.[4]  After all, it

is only the owner's creditors who may affect the homestead through

enforcement of their rights as creditors.

 The case law interpreting Oregon's homestead statute makes it clear

that the statute is to be interpreted liberally.  *See, e.g., In re Casserino*, 379

F.3d at 1074 ("the term 'owner' in [Oregon's homestead statute] includes

residential leaseholders"); *Breneman v. Corrigan*, 4 F.3d 225, 226 (9th Cir.

1925 ) (tenancy by the entirety qualified for the homestead exemption);

*Banfield v. Schulderman, et al. (In re Banfield's Estate)*, 298 P. 905, 907 (Or.

---

 [4]  The Oregon homestead exemption is, however, "limited to the money
value of the exemption fixed by statute.  It is the value which is exempt, not the
property in and of itself."  *Sticka v. United States (In re Sturgill)*, 217 B.R. 291, 294-
95 (Bankr. D. Or. 1998) (quoting *Boyd v. Ore*, 439 P.2d 862, 864 (Or. 1968)); *In re
Lane*, 364 B.R. 760, 762 (Bankr. D. Or. 2007).

MEMORANDUM OF DECISION - 8

1931) (life estate qualified for homestead exemption); *Marvin & Co. v.*

*Piazza*, 276 P. 680, 681 (Or. 1929) (tenancy in common qualified for

homestead exemption).

"In analyzing whether Oregon's homestead exemption applies to a

given property, courts have found the existence of a current possessory

interest, not the particular form in which the debtor holds the property, to

be determinative." *In re Casserino*, 379 F.3d at 1072 (citing *Marvin* 276 P. at

681 (the proper focus is whether the claimed property "is occupied by [the

debtor] as his actual abode and place of residence")). At bottom, "courts

have generally held that a debtor in current possession of property may

claim a homestead exemption under Oregon law, while a debtor who lacks

a present possessory interest may not." *In re Casserino*, 379 F.3d at 1072; *see*

*also White v. White*, 727 F.2d 884, 886-87 (9th Cir. 1984) (In finding that a

judgment lien on home of debtor's ex-wife was not exempt, the court

stated that "[n]o Oregon case has held that a non-possessory interest may

be the basis of a homestead exemption.")

Thus, it appears that under Oregon law, Debtor must have had a

MEMORANDUM OF DECISION - 9

current possessory interest in the Seaside home to be considered an

"owner" for homestead exemption purposes.  The Court concludes Debtor

had no such interest.

      3.  <u>Application of Law to the Facts</u>.

      Debtor's exemption claim fails for three reasons.  First, Debtor did

not live in the Seaside home at the time she filed her petition.  Exemptions

are determined as of the date of filing.  11 U.S.C. § 522(b)(3)(A); *Culver v.*

*Chiu (In re Chiu)*, 266 B.R. 743, 751 (9th Cir. BAP 2001); *In re Lane*, 364 B.R.

at 762.  On the date when Debtor filed her bankruptcy petition, she lived in

Idaho, and had not lived in the Seaside home for at least six years prior to

filing her bankruptcy petition.[5]  Therefore, Debtor did not have a present

possessory interest in the home at the time she filed her bankruptcy

petition.

      Second, nothing in this record establishes that Debtor had any legal

right to the home at the time she filed her petition.  Her mother, the

"owner" of the property, established a revocable trust and had deeded the

---

      [5]  Debtor had lived in Salem, Oregon from 2003-2007, but not in Seaside.

MEMORANDUM OF DECISION - 10

home to Debtor's sister, as trustee.  It was her sister who was legally permitted to make decisions concerning the Seaside home, *e.g.*, whether to renovate the home before selling it; whether to sell it immediately as envisioned by the terms of the trust; and whether to allow Debtor to stay at the home until it was sold.  Debtor's rights were limited to 25% of the proceeds eventually realized from liquidation of the trust corpus by Ms. Fappas, which included, but was not limited to, the proceeds from the sale of the Seaside home.

Finally, while Debtor apparently does not claim a homestead exemption in the proceeds from the sale of the home, even if she did so, her claim would fail.  The difficulty with the proceeds exemption for Debtor is, again, the fact that she is not the "owner" under the statute.  The right to the sale proceeds never fell directly to Debtor.  Pursuant to the terms of the trust, Debtor's sister was to sell the Seaside home "promptly." After doing so, the trust instructed Debtor's sister to pay their mother's outstanding debts and then to divide and distribute the trust corpus. Thus, it was the trust that was entitled to receive the sale proceeds, which

MEMORANDUM OF DECISION - 11

were then to be distributed to the heirs after payment of other expenses.
In no way can such an arrangement be viewed as a way to preserve the
owner's homestead.

Debtor's exemption claim regarding the Oregon home and any sale
proceeds fails.

B.
Trustee's Application to Employ Accountant

Trustee applied for permission to employ Robert Long as his
accountant in this case.  Docket No. 29.  The application is made with the
express purpose of filing a fiduciary tax return.  Debtor objected to the
application because the need for an accountant is dependent upon the
outcome of the challenge to Debtor's claim of exemption in the 25% trust
distribution.  Docket No. 30.   As the Court has now determined that
Debtor is not entitled to a homestead exemption in the trust distribution, it
appears likely that Trustee requires the assistance of an accountant to file a
fiduciary tax return.  Accordingly, Trustee's application to employ an
accountant will be granted.

*Conclusion*

MEMORANDUM OF DECISION - 12

Debtor's 25% distribution from her mother's revocable trust does not qualify as an exempt homestead under Oregon law.  Trustee's objection to Debtor's claim of exemption will be sustained and the exemption claim disallowed.  Trustee's Application to Employ Accountant will be granted.  A separate order will be entered.

Dated:  October 26, 2010

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 13